**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

MICHAEL ANGELO MORALES,
                    *Plaintiff,*

and

ALBERT GREENWOOD BROWN,
                    *Plaintiff-Appellant,*

v.

MATTHEW CATE,
                    *Defendant-Appellee.*

No. 10-99019

D.C. No.
5:06-cv-00219-JF
Northern District of
California,
San Jose

ORDER

Filed September 27, 2010

Before: Andrew J. Kleinfeld, M. Margaret McKeown, and
Raymond C. Fisher, Circuit Judges.

## ORDER

1.   This appeal in its present posture is not about the guilt of Albert Greenwood Brown. He was found guilty of a horrific crime and his conviction has been sustained by both state and federal courts. Nor is this proceeding about the constitutionality or availability of the death penalty, a procedure countenanced by the Supreme Court. *Gregg v. Georgia*, 428 U.S. 153 (1976). Instead, we address the narrow issue of the manner and timing of Brown's execution in a fashion that comports with the Eighth Amendment's protection against cruel and unusual punishment. In short, the question is whether the State's newly revised three-drug lethal injection protocol, which replaces a similar protocol the district court previously found flawed based on evidence that the protocol created at least "an unnecessary risk of unconstitutional pain,"

1

has succeeded in remedying those flaws, such that there is now no "substantial risk of serious harm" to the condemned prisoner.

2.   The timing of Brown's execution date is apparently dictated in part by the fact that "the state's existing inventory of sodium thiopental consists of 7.5 grams, with an expiration date of October 1, 2010." State's Opp. Br. at 6, n.3. After a four-year moratorium on executions in California, multiple proceedings in federal court, a state administrative law proceeding, and state court appeals, it is incredible to think that the deliberative process might be driven by the expiration date of the execution drug. As the State acknowledges, additional supplies will be available in the first quarter of 2011. *Id.* Timing is everything and the district court should take the time necessary to address the State's newly revised protocol in accord with Supreme Court authority.

3.   Previously in this case, the district court denied Michael Angelo Morales a stay of execution, subject to a series of conditions to preserve Morales's "constitutional right not to be subject to an undue risk of extreme pain." *Morales v. Hickman*, 415 F. Supp. 2d 1037, 1046 (N.D. Cal. 2006). We affirmed that order. *Morales v. Hickman*, 438 F.3d 926 (9th Cir. 2006). Under the district court's order, the State could proceed with the execution using its preferred three-drug procedure only if it allowed an anesthesiologist to monitor the execution. Alternatively, the order permitted the State to employ a single-drug procedure that would avoid the risk of unconstitutional suffering. *Id.* at 927 & n.2. The State elected to use the three-drug procedure, but was unable to secure the assistance of an anesthesiologist. The execution did not proceed. The State then sought permission to implement the one-drug option. The district court granted permission so long as the drug was injected "by a person or persons licensed by the State of California to inject medications intravenously." Order on Defendants' Motion to Proceed with Execution Under Alternative Condition at 3, *Morales v. Hickman* (Nos.

06 219, 06 926, N.D. Cal., Feb. 21, 2006). Once again, the execution did not proceed and a stay issued automatically.

4.   Thereafter, following discovery and an extensive evidentiary hearing on the execution protocol, the district court concluded that Operational Protocol 770 (O.P. 770), the State's lethal injection protocol, suffered from "a number of critical deficiencies." *Morales v. Tilton*, 465 F. Supp. 972, 979 (N.D. Cal. 2006). The court also found that implementation of the protocol "lack[ed] both reliability and transparency" and that "the [State's] actions and failures to act have resulted in an undue and unnecessary risk of an Eighth Amendment violation. This is intolerable under the Constitution." *Id.* at 981. After the district court's ruling, there was a de facto moratorium on all executions in California.

5.   Following state court proceedings regarding the revised protocol's legality under California's Administrative Procedures Act, *see Morales v. Cal. Dep't of Corrs. and Rehab.*, 168 Cal. Ct. App. 4th 729 (2008), a new lethal injection protocol became effective August 29, 2010. *See* Cal. Code Regs. tit. 15, § 3349, *et seq*. On September 20, 2010, the California Court of Appeal, First District, held that the new procedure was presumptively valid, and authorized the resumption of executions. *See Cal. Dep't of Corrs. and Rehab. v. Superior Court*, 2010 WL 3621873 at *4-5 (Sept. 20, 2010).

6.   On August 30, 2010, the State had already scheduled the first execution in four years—Albert Greenwood Brown— for September 29, 2010.

7.   Brown intervened in this pending federal proceeding and the district court conditionally denied his motion for a stay of execution. Order Denying Stay, *Morales v. Cate* (Nos. 06 219, 06 926, N.D. Cal., Sept. 24, 2010) ("Sept. 24 Order"). The district court found that Brown's intervention and pursuit

of his claims in the *Morales* litigation is timely. Sept. 24 Order at 6-7.

8.  In its order, the district court stated that it "always has understood, apparently incorrectly, that executions could not resume until it had an opportunity to review the new lethal injection protocol in the context of the evidentiary record" in the *Morales* case. Sept. 24 Order at 3. The court "itself was surprised by the Defendants' decision to seek an execution date for Brown when they did . . . ." *Id.* at 6. According to the district court, it is the State's choice of an execution date that prevents meaningful review. *Id.*

9.  Between the time of the district court's rulings in *Morales* and Brown's intervention in the case, the Supreme Court decided *Baze v. Rees*, 553 U.S. 35 (2008), which involved an Eighth Amendment challenge to Kentucky's lethal injection protocol, with the three-Justice plurality articulating a standard requiring the prisoner to establish a "substantial risk of serious harm," *id.* at 52, and stating that "[a] stay of execution may not be granted . . . unless the condemned prisoner establishes that the State's lethal injection protocol creates a demonstrated risk of severe pain." *Id.* at 61.

10.  Addressing the effect of *Baze* on Morales's case, the district court stated that "[a]lthough [it had] framed its factual findings and legal conclusions under the legal standard then applicable in the Ninth Circuit, . . . it likely would have made the same findings and reached the same conclusions under the 'demonstrated risk' standard announced in *Baze*." Sept. 24 Order at 8.

11.  Significantly, the district court underscored that "there is no way that the Court can engage in a thorough analysis of the relevant factual and legal issues in the days remaining before Brown's execution date." *Id.* This is in no small part because "it is fair to say that there is no case involving an Eighth Amendment challenge to a lethal-

injection protocol in which the factual record is as developed as the record here." *Id.* at 7. "The regulations have been more than three years in the making . . . ." *Id.* at 8.

12.    Once again, as with Morales, the court issued a conditional stay order. In its order, the court directed Brown to advise the court by September 25, 2010 (later extended to September 26), "whether he elects to be executed by the injection of all of the drugs specified in Cal. Code Regs. tit. 15 § 3349 *et. seq.* [the three-drug protocol] or by the injection of sodium thiopental only." *Id.* at 10.

13.    Brown did not make such an election and instead on September 26, 2010, filed with this court a Motion to Stay Execution or, alternatively, a Petition for Mandamus.

14.    The district court's decision to provide Brown the choice of a one-drug option is not consistent with California state law and procedures. California law does not provide the condemned a choice between a three-drug protocol or a one-drug option. The only choice provided is between lethal gas or lethal injection. Cal. Penal Code § 3604 (West 2010). Other states also provide the condemned a choice of methods of execution. *See*, *e.g.*, Va. Code Ann. § 53.1-234 (West 2010) (choice between electrocution or lethal injection); Wash. Rev. Code § 10.95.180 (West 2010) (choice between intravenous injection or hanging). The one-drug option was not adopted by the State in response to the conditional order regarding Morales nor in the new procedures revised in response to the *Morales* litigation. Thus, the State has not, in its protocol, devised or implemented procedures for the single-drug injection. There is a dispute whether the State has sufficient supply to implement such an option. In addition, the State advises that its current supply of sodium thiopental has an expiration date of October 1, 2010. Further, the State has understandably not adopted procedures or implemented training on the one-drug option and claims it would need at least three days to do so. Despite the best of intentions on the part

of the district court to fashion a compromise and a choice of methods here, imposing on Brown such a choice between the new three-drug protocol and a one-drug option never adopted by the State places an undue burden on Brown and is beyond the power and expertise of the district court at this juncture. The result in this case should not be driven by compromise nor by the State's deadlines superimposed on the district court's already pending review of the new execution protocol.

15. The district court stated in the September 21, 2010 hearing that "Mr. Brown is asserting Eighth Amendment claims which this court has been unable to finish litigating." *Compare Baze*, 553 U.S. at 41 ("The trial court held extensive hearings and entered detailed Findings of Facts and Conclusions of Law."). Of particular importance, "Brown's federal claims are virtually identical to those asserted by" Morales. Sept. 24 Order at 1.

For these reasons and in light of this background and the district court's findings regarding the risk of unconstitutional pain inhering in the prior three-drug protocol, this matter is remanded to the district court to determine whether, under *Baze*, Brown is entitled to a stay of his execution as it would be conducted under the three-drug protocol now in effect. Specifically, the court should address the similarity between the previous O.P. 770 and Cal. Code Regs. tit. 15 § 3449 *et seq*., as well as the court's statement that, with respect to the constitutionality of the State's previous execution protocol, "it likely would have made the same findings and reached the same conclusions under the 'demonstrated risk' standard" adopted by the three Justices in *Baze*. The district court should also consider the standards for a stay as articulated in *Nelson v. Campbell*, 541 U.S. 637, 649-50 (2004).

REMANDED.